# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-00010 |
| v. | (Chief Judge Brann) |
| DAQUAN ALTERIKI ALFORD, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-00011 |
| v. | (Chief Judge Brann) |
| DAQUAN ALTARI ALFORD, | |
| Defendant. | |

## MEMORANDUM OPINION

**MARCH 26, 2024**

### I.   BACKGROUND

On January 11, 2022, a grand jury sitting in the Middle District of Pennsylvania returned an three-count indictment against Defendant Daquan Alteriki Alford (hereinafter "Alteriki"), charging him with Distribution of a Controlled Substance Resulting in Death in violation of 21 U.S.C. § 841(a)(1) (Count 1), Possession with Intent to Distribute Controlled Substances, specifically fentanyl, and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and Maintaining

Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) (Count 3).[1] The same day, Alteriki's son, Daquan Altari Alford (hereinafter "Altari"), was separately charged in a two-count indictment with Possession with Intent to Distribute Controlled Substances, specifically marijuana and methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1) and Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) (Count 2).[2] Currently pending before the Court are motions to join the cases under Federal Rule of Criminal Procedure 13.[3]

## II.  LAW

Federal Rule of Criminal Procedure 13 provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment."[4] Rule 13 "is a companion provision to Federal Rule of Criminal Procedure 8, which sets for the limits on when charges and defendants can be properly joined."[5]

---

[1] *United States v. Daquan Alteriki Alford*, No. 4:22-CR-00010, Doc. 3 (M.D. Pa.) ("Alteriki Indictment").

[2] *United States v. Daquan Altari Alford*, No. 4:22-CR-00011, Doc. 1 (M.D. Pa.) ("Altari Indictment"). The Government refers to father and son as "Senior" and "Junior." Altari notes that the men have different middle names and are not, in fact, Senior and Junior. Altari Opp'n., *Altari*, No. 4:22-00011, Doc. 87 at 2 n.1.  He refers to his father as "Baby Alford," which is Alteriki's alias. *Id.* The Court refers to them individually by their middle names and together as the Alfords for ease of discussion.

[3] Alteriki Mot., *Alteriki*, No. 4:22-CR-00010, Doc. 60; Altari Mot., *Altari*, No. 4:22-CR-00011, Doc. 81.

[4] Fed. R. Crim. P. 13.

[5] 1A Charles Alan Wright et al., *Federal Practice and Procedure* § 217 (5th ed.); *accord U.S. v. McGill*, 815 F.3d 846, 905 (D.C. Cir. 2016).

Rule 8(b) governs joinder of defendants and is less permissive than Rule 8(a) which governs the joinder of counts against a single defendant.[6] "Under Rule 8(b), '[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper.'"[7] Whether joinder is proper focuses on the allegations of the indictment.[8]

## III.  DISCUSSION

The Indictments charge the Alfords with maintaining the premises at 832 High Street, 3rd Floor Apartment, Williamsport, Pennsylvania for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.[9] The allegation that the Alfords maintained the same apartment in furtherance of the possession and distribution of controlled substances is sufficient to satisfy Rule 8(b)'s requirement that the defendants "are alleged to have participated in the same act or transaction." Though the Alfords aver that they maintained separate, independent drug enterprises out of their respective bedrooms, Rule 8(b) "is a pleading rule" and the propriety of joinder is determined by examining the

---

[6] *United States v. Walker*, 657 F.3d 160, 168-69 (3d Cir. 2011).
[7] *Id.* at 169 (quoting *United States v. Jimenez*, 513 F.3d 62, 82-83 (3d Cir. 2008); Fed. R. Crim. P. 8(b); citing *U.S. v. Irizarry*, 341 F.3d 273, 287 n.4 (3d Cir. 2003)).
[8] *Id.* at 168 (quoting *Irizarry*, 341 F.3d at 287).
[9] Alteriki Indictment Count 3, Altari Indictment Count 2.

allegations in the indictment.[10] While an allegation that the Alfords maintained drug enterprises in the same city, or even in the same building, might not be sufficient to allege that they participated in the same act or transaction, an allegation that they did so out of the same apartment is.

The Alfords arguments regarding the differences between the possession charges—that each involves different controlled substances—or that only Alteriki is charged with distribution are unavailing. Rule 8(b) explicitly states that "all defendants need not be charged in each count." As the United States Court of Appeals for the Third Circuit has recognized, "there are many criminal cases in which defendants are tried together on different counts, so that all the evidence is not germane to all the counts against each defendant."[11] Where, as here, the charges are "relatively straightforward and discrete," it is presumed that the jury will be able to "compartmentalize the evidence."[12]

For that reason, the Court is also unpersuaded by Altari's argument that he will be unfairly prejudiced by the distribution charge against Alteriki and the

---

[10] *United States v. Liss*, 265 F.3d 1220 (11th Cir. 2001) (citing *United States v. Morales,* 868 F.2d 1562, 1567–68 (11th Cir.1989)); *accord United States v. Somers*, 496 F.2d 723, 729 (3d Cir. 1974); *United States v. Daniels*, 803 F.3d 335, 340 (7th Cir. 2015); *United States v. Wadena*, 152 F.3d 831 (8th Cir. 1998).

[11] *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (quoting *United States v. Sandini,* 888 F.2d 300, 307 (3d Cir.1989)).

[12] *Walker*, 657 F.3d at 170 (quoting *Lore*, 430 F.3d at 205).

evidence relating to the victim's overdose death.[13] The mere fact that one defendant is charged with causing a death does not mean the other will be substantially prejudiced.[14] The similarities and differences between the allegations in the Indictments are clear such that any prejudice can be ameliorated with proper limiting instructions.[15]

### IV.   CONCLUSION

For the foregoing reasons, the Government's Motion for Joinder is granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13]   Alteriki also appears to argue that Altari would be unfairly prejudiced. It is not clear to the Court that he has standing to raise that argument on Altari's behalf, but the outcome is the same regardless.

[14]   *United States v. Goode*, No. CR 19-218-9, 2020 WL 2474429, at *5 (E.D. Pa. May 13, 2020) (collecting cases).

[15]   *Id.* (citing *United States v. Urban*, 404 F.3d 754, 776 (3d Cir. 2005)).